MARGARITA MERCADO RIERA ET AL., Plaintiffs and Appellees, *v.* MARIO MERCADO RIERA ET AL., Defendants and Appellants.

No. 584.    Decided March 4, 1963.

*Francisco Torres Aguiar, Carlos R. Cuprill, Benjamín Ortiz, Pedro M. Porrata,* and *Carlos Romero Barceló* for appellants. *Raúl Matos* for appellees.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE DÁVILA delivered the opinion of the Court.

Margarita Mercado Riera and Pastor S. Mandry, plaintiffs herein, own a share of 21.25 per cent in the partnership Mario Mercado e Hijos. Mario Mercado Riera, managing partner of the partnership, and his children, defendants herein, own 57.50 per cent, and the heirs of Adrián Mercado

Riera, codefendant herein, own a share of 21.25 per cent. Plaintiffs brought action seeking the dissolution of the partnership. The trial judge rendered summary judgment for plaintiffs. Defendants maintain that it was not proper to dispose of the case in that fashion. They contend that there are controvertible facts which should be decided at a trial.

We have repeatedly held that a summary judgment will not lie if "there is a genuine issue to be tried" and that "the party moving for summary judgment has the burden of showing that there is no issue as to the facts and that he is entitled to judgment as a matter of law." *Cortés* v. *Heirs of Cortés*, 83 P.R.R. 660 (1961); *Pan American* v. *Superior Court*, 86 P.R.R 132 (1962); *Municipality* v. *Superior Court; Torres, Int.*, 78 P.R.R. 777 (1955); *Sánchez* v. *De Choudens*, 76 P.R.R. 1 (1954); *Hernández* v. *Caraballo*, 72 P.R.R. 628 (1951). However, if the facts are not in issue and the action only involves a question of law, the matter should be disposed of by summary judgment. *Vega* v. *P. R. Railroad and Transport Co.*, 79 P.R.R. 379 (1956); 3 BARRON AND HOLTZOFF, Federal Practice and Procedure 96, § 1231 Rules Edition 1958. Recently we ratified those criteria in *Roth* v. *Lugo*, *ante*, p. 365, but we made it clear that "a litigant has a right to a trial where there is the slightest doubt as to the facts" and "any doubt as to the existence of a genuine issue must be resolved against the party moving for summary judgment."

We must therefore determine whether or not there exists a genuine issue of fact. In the complaint filed it was alleged that the partnership should be dissolved on the following grounds:

"(a) That for several years there has existed and exists great incompatibility with codefendant partner Mario Mercado Riera as a result of his vexatious and prejudical attitude toward the moving parties and the other codefendant, María Luisa Mercado Riera, to the point that he is so unbearable or intolerable as managing partner of Mario Mercado e Hijos

that it has caused the complete severance of all communication and exchange of impressions in vital matters of the partnership and of its administration, as a result of which the moving parties have been deprived of any right to know and express their opinion thereon, such incompatibility having been translated into continuous suits and claims, complete lack of plaintiffs' intervention in the partnership by reason of defendant's irreverent conduct and ill temper, as a result of which harmonious living or brotherhood necessary in a partnership has not been accomplished and has made it impossible to put up with the managing partner of that entity whom the moving parties no longer trust.

"(b) That as managing partner of Mario Mercado e Hijos, defendant Mario Mercado Riera has denied to plaintiffs the right to inspect the factory of that partnership in Guayanilla, Puerto Rico, all steps taken in that connection having been unsuccessful.

"(c) That as managing partner of Mario Mercado e Hijos, defendant Mario Mercado Riera has lost in Guayanilla, P. R., many colonos for the sugar mill or factory of that partnership as a result of his lack of business tactics and of his intransigence and ill temper, having lost the confidence necessary to do business with a large number of sugar colonos of the southern coast of Puerto Rico who refuse to contract with that partnership as long as Mario Mercado Riera is its managing partner, thereby causing incalculable detriment to the entity and its partners.

"(d) That defendant Mario Mercado Riera, in the said capacity of managing partner of Mario Mercado e Hijos, has usurped and usurps property of coplaintiff Margarita Mercado Riera collecting her fruits and products, compelling her to sue him to revendicate and claim the fruits by means of civil action No. CS-53-1675, brought by plaintiffs against Mario Mercado Riera and Mario Mercado e Hijos in the Ponce Part of the Superior Court of Puerto Rico.

"(e) That during his incumbency as managing partner of Mario Mercado e Hijos, Mario Mercado Riera has created a state of favoritism for himself, his children, in-laws, relatives and friends by making numerous transactions in violation of all business norms and practices and of the purpose for which such partnership was created, with serious and incalculable detriment to the latter and its partners.

"(f) That Mario Mercado Riera, as managing partner of Mario Mercado e Hijos, has maintained a reserve of $2,947,643.68 in violation of all accounting norms and the provisions of the Income Tax Act.

"(g) That Mario Mercado Riera, as managing partner of Mario Mercado e Hijos, notwithstanding the statements in the preceding paragraph, has refused to deliver any sum to plaintiff Margarita Mercado Riera to pay the income tax deficiencies for the years 1941 to 1952 on plaintiff's undistributed profits in that partnership for those years, which deficiencies amount to $173,251.27, in annual payments of $12,456.27 each, which represents a sum greater than the annual income which she receives in cash from the partnership.

"(h) That Mario Mercado Riera, as managing partner of Mario Mercado e Hijos, has used partnership funds in the sum of $72,247.78 to pay certain amounts the payment of which was and is the exclusive responsibility of the said Mario Mercado Riera, in actions challenging accounts, civil No. 782 of the District Court of Ponce, as per judgment of February 19, 1942, affirmed by the Supreme Court of Puerto Rico on May 8, 1946 and January 14, 1947, confirmed summarily by the Circuit Court of Boston and the Supreme Court of the United States on April 9, 1948 and October 11, 1948, respectively, and in accordance with the judgment of the Supreme Court of Puerto Rico of August 4, 1950, reconsidered by that Court by judgment rendered on May 8, 1950.

"(i) That Mario Mercado Riera, as managing partner of Mario Mercado e Hijos, unduly retained for the partnership the sum of $11,339.87 belonging to Margarita Mercado Riera, from August 22, 1937 until April 25, 1956, when he delivered it to the moving party as a result of civil action No. CS-53-1675 brought by plaintiffs against Mario Mercado Riera and Mario Mercado e Hijos.

"(j) That Mario Mercado Riera, as managing partner of Mario Mercado e Hijos, has delivered to Pedro M. Porrata the sum of $15,666.53, in accordance with an alleged special account, for political expenses, completely extraneous to the purpose for which the said entity was created.

"(k) That defendant Mario Mercado Riera, as managing partner of Mario Mercado e Hijos, has made disbursements for the benefit of Juan V. Díaz amounting to $21,269, which

are completely extraneous to the social partnership in violation of the partnership contract, for his defense in a criminal action for murder in the Ponce Part of the Superior Court of Puerto Rico.

"(*l*) That defendant Mario Mercado Riera, as managing partner of Mario Mercado e Hijos, and the latter as a partnership or body politic, has violated the Land Law of Puerto Rico, No. 26 of April 12, 1941, by the acquisition, ownership and control of lands in excess of five hundred (500) acres by the said partnership Mario Mercado e Hijos, and/or his subsequent inaction in failing to comply with that Act, as a result of which the corresponding action was brought against the partnership in the Supreme Court of Puerto Rico, which proceeding is still pending before that Court under No. 2.

"(m) That Mario Mercado Riera, in his capacity of administrator and managing partner of defendant firm Mario Mercado e Hijos, transfers profits from one year to another, by resorting to subterfuge by means of independent devaluation of sugar inventories, thereby exposing that entity to the payment of tax deficiencies, surcharges and penalties which otherwise it would not have to pay, with serious prejudice to the interests of plaintiffs and of defendant partnership, all steps taken by the moving parties aimed at the discontinuance of such practice having been unsuccessful.

"(n) That each and every one of the minutes of partners of Mario Mercado e Hijos are null and void and without any legal effect whatever, inasmuch as persons completely extraneous to the partnership participated without any interest therein.

"(o) That Mario Mercado Riera, as administrator and managing partner of Mario Mercado e Hijos, which is an agricultural civil partnership, during his incumbency has authorized and/or performed acts, actions, contracts and operations for the purpose of converting that entity into a mercantile partnership, devoting the same to mercantile operations, according to the admission made by said managing partner before this Hon. Court, thereby altering the partners' liability in the juridical and economical order by making it solidary instead of joint, in accordance with the agreement made by the parties at the time of organizing, extending and modifying said partnership by the different deeds referred to, with serious detriment and prejudice to the moving parties and other partners, thereby violat-

ing and failing to perform the partnership contract by the failure of said codefendant partner to fulfill his legal and contractual obligations."

Plaintiffs based their petition for summary judgment on five of the 15 causes of action alleged in the complaint for dissolution of the partnership. In rendering the summary judgment sought, the trial judge relied on three, dismissing two. The three causes on which the trial judge determined that there was no genuine issue of fact and which were sufficient to decree the dissolution of the firm are the following: (1) Notwithstanding the existence of a reserve fund amounting to $2,947,643.68, the managing partner had refused to make available to plaintiffs the sum of $173,251.27, in annual payments of $12,456.27 each, to pay the income tax on the undistributed profits corresponding to them; (2) The managing partner had paid out of partnership funds the expenses for the defense of an employee of the firm; and (3) The managing partner had paid personal obligations out of partnership funds.

Is there a genuine issue of fact on these three grounds on which summary judgment was rendered? Let us consider them in the order set out above.

In considering the ground first set out, the trial court made a careful and all-embracing study of the clauses of the partnership contract commencing with the contract which gave life to the entity and all subsequent contracts amendatory thereof. It concludes that according to the terms of those contracts, there is an unfailing obligation to distribute among the partners 30 per cent of the profits realized by the firm, and that the consent of all the partners shall be necessary in order not to distribute the remainder. The fact that 30 per cent of the profits was distributed is not controverted, but the trial court concludes that the managing partner "failed to comply fully with his partnership obligations" and that "the partnership contract should be rescinded in law for

failure of the managing partner to fulfill his partnership obligations."

In opposing the summary judgment sought defendants argued in the sense that the partnership contract is clear and conclusive as to the distribution of profits. It is necessary to distribute 30 per cent of the profits realized by the partnership, but in order to distribute the remainder the consent of a majority of the partners representing the capital stock is necessary. With their opposition defendants enclosed a number of documents among which is a letter which the managing partner wrote to plaintiffs when the latter requested the money to pay the income tax on the undivided profits. That letter reads as follows:

"This is in answer to your letter of November 25, 1953, which was received by us on December 1 of that year, requesting remittance by us of certain amounts of money to make certain alleged payments to the Treasurer of Puerto Rico, the collection of which the other partners of this entity who were in the same position as you were able to extend in order to have time to defend their contention that the payment of the income tax for the account mentioned in your letter was not in order.

"We understand that the willingness of other partners to acquiesce in the Treasurer's claims defeats the chances of success of the contention that this collection by the Treasurer of Puerto Rico is not in order.

"We sincerely regret our inability to grant your request, since it would imply our deviation from the agreements made in the Compromise Contract of September 9, 1938, in detriment to the partnership business which during the dead season needs all its economic resources to take care of the planting of its own cane and that of the colonos and for the proper repair and improvement of the factory, which economic activities are of utmost importance in view of the great competition of neighboring mills.

"Notwithstanding the foregoing, we enclose our checks Nos. 3185 and 3186 of even date herewith drawn on the Banco de Ponce for one thousand two hundred fifty-eight dollars and eighty-one cents ($1,258.81) and one thousand one hundred eighteen dollars and ninety-four cents ($1,118.94), to the order, respectively, of Margarita Mercado Riera and Pastor S. Mandry,

which are the only sums available to you on this date under the terms of the Compromise Contract of September 9, 1938, which is the additional profit corresponding respectively to each of the said partners for the years 1945 and 1947, covering income tax deficiencies determined by the Treasurer of Puerto Rico for those years.

"Regarding your letter of June 27, 1950 concerning the Reserve Fund, which you mention, we subscribe and consider reproduced the letter of July 12, 1950 which our partner Mario Mercado Riera sent to you and to Adrián Mercado Riera, with copy to the other partners, María Luisa Mercado Riera, Eufemia Eileen Mercado Parra, Adriana Luisa Mercado Parra, and Mario Luis Mercado Parra, in answer to your letter of June 27, 1950 expressing the opinion of Mario Mercado Riera with respect to the property and justification of the Reserve Fund which you know has been used in the operations of the partnership, and to enable the latter to be in a position to compete with similar business having greater economic resources in our business area."

Irrespective of which is the correct interpretation of the agreement with respect to the distribution of profits, it appears from the above document that there is, as to the ground under consideration, a genuine issue of fact which must be resolved at a trial.

In order to determine the intention of the parties in agreeing to modify the partnership contract as respects the distribution of profits, it is necessary to determine which are the normal needs of the business of the partnership sought to be dissolved. It is further necessary to determine whether the content of the letter concerning the necessary improvement is correct. Obviously, these and other questions must be passed upon in order to be in a better position to interpret the clauses on distribution of profits.

In opposition to the second ground adduced in support of the summary judgment, defendants presented an affidavit of the person accused. It appears from the affidavit that he was the administrator of the partnership, that he had been charged with first-degree murder, and "that according to the

evidence in the record of this case [he refers to the case in which he was accused] and other circumstances of the case, the problem arose as a result of the discharge of my duties as administrator of the partnership Mario Mercado e Hijos, and the partnership incurred the expenses in question."

There arose a controversy which it is necessary to decide at the trial. It is alleged under oath that the accused is the administrator of the partnership, that the facts imputed to him arose in connection with the discharge of his functions as such administrator. Whether under those circumstances it could be held that it was reasonable that the partnership should bear the expenses of his defense, *quaere*.

Regarding the third and last ground of dissolution on which the summary judgment was based, it is necessary to make a more detailed exposition of the facts.

Upon his death the predecessor of the litigant partners left in bank accounts the sum of $576,306.53. There were four heirs and they owned equal shares in the hereditary estate. The heirs' share in the partnership was different. Managing partner Mario Mercado Riera owned 55 per cent and the other three brothers the remaining 45 per cent. The partnership claimed as its own the money appearing in the father's name in the bank accounts. The brothers agreed under a compromise contract that the money deposited in the banks in their predecessor's name, $320,306.53, belonged to the partnership. When the managing partner, who was also executor of the father's estate, filed the return for determination of the inheritance tax, he included $320,306.53 as property belonging to the heirs. The other brothers challenged the item corresponding to the tax on that amount alleging that that money belonged to the partnership and not to the estate. The court held that that was correct and ordered the executor to restore the money to the hereditary estate. *Mercado* v. *Mercado*, 66 P.R.R. 36 (1946). The executor restored it out of partnership money setting forth in the checks the nature of the payment.

546

Perhaps it could be maintained that there is no genuine issue of fact as to this ground, but, would the rendition of summary judgment dissolving a partnership on this ground alone be justified? The managing partner did not conceal the payment made out of partnership money. He expressly stated in the checks the nature of the payment. Plaintiffs had other remedies available to obligate the managing partner to restore the money to the partnership. This ground alone on which to decree the dissolution sought is very weak.

■ The complaint filed, as we have seen, alleges serious motives which, if duly established at a trial, could serve as basis for a conscientious determination on the propriety of the dissolution of the partnership. However, the shortcut of summary judgment was elected. It is well to repeat here the words of Judge Learned Hand in *Bozant* v. *Bank of New York*, 156 F.2d 787 (2d Cir. 1946):

". . . In conclusion we cannot avoid observing that the case is another mistaken effort to save time by an attempt to dispose of a complicated state of facts on motion for summary judgment."

See, also, *Bushman Construction Co.* v. *Conner*, 307 F.2d 888 (10th Cir. 1962); *National Screen Service Corp.* v. *Poster Exchange, Inc.*, 305 F.2d 647 (5th Cir. 1962); *Colby* v. *Kleine*, 178 F.2d 872 (2d Cir. 1949).

In view of the foregoing, the summary judgment rendered by the District Court, Ponce Part, on January 30, 1961 will be reversed and the case is remanded for further proceedings.